■ In the Matter of the Arbitration between AETNA INSURANCE COMPANY, Appellant, and ROY SPIVEY, Respondent. — Judgment of the Supreme Court, Nassau County, dated March 14, 1980, affirmed, with $50 costs and disbursements. (See *Matter of Shand [Aetna Ins. Co.],* 74 AD2d 442.) Damiani, J. P., Gulotta, O'Connor and Thompson, JJ., concur.

■ In the Matter of the Estate of MORRIS BRECHER, Deceased. SUSAN BRECHER et al., Respondents; LOUIS RABINOWITZ et al., Appellants. — Objectants appeal, as limited by their brief, from so much of a decree of the Surrogate's Court, Queens County, dated January 23, 1980 as (1) denied their claims against the estate of Morris Brecher; (2) directed that all the documentary evidence offered by them be delivered to the District Attorney of Queens County for further investigation and review; and (3) ordered them to pay $600 to the respondents as costs. Decree affirmed insofar as appealed from, with costs payable personally by the appellants. The objectants' failure to establish the authenticity of the financial statement upon which they relied, as well as the fact that the portion which refers to their debt is unsigned, mandates the conclusion that it does not meet the requirements of section 17-101 of the General Obligations Law. Furthermore, there was no exception taken to the Surrogate's failure to grant a continuance to objectants so that they could obtain subpoenaed documents from certain banks. Moreover, objectants did not clearly explain the need for or nature of such documents. Finally, the costs awarded by the Surrogate to the respondents appear reasonable. Accordingly, his refusal to hold a hearing did not constitute an abuse of discretion (SCPA 2301, 2302, subd 2). Damiani, J. P., Lazer, Cohalan and Thompson, JJ., concur.

■ In the Matter of RUTH BUHLER, Respondent, v BARBARA B. BLUM, as Commissioner of the New York State Department of Social Services, Appellant, et al., Respondent. — In a proceeding pursuant to CPLR article 78, *inter alia,* to review a determination of the State Commissioner of Social Services, the appeal is from a judgment of the Supreme Court, Westchester County, entered October 17, 1979, which remitted the matter to the State commissioner for a new determination. Leave to appeal is hereby granted by Mr. Justice Hopkins. Judgment affirmed, without costs or disbursements. Hopkins, J. P., Titone, Rabin and Weinstein, JJ., concur.